IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-02257-MSK

STEVE KLEIN,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANIES; and
STATE FARM FIRE AND CASUALTY INSURANCE,

    Defendants.

## ORDER REMANDING CASE

THIS MATTER comes before the Court *sua sponte*.

The Plaintiff commenced this action in the El Paso County District Court to recover unpaid insurance benefits for injuries he sustained in a motor vehicle accident, as well as separate relief on claims that the Defendants acted outrageously and in bad faith. The Defendants seek to remove the case to this Court based upon diversity jurisdiction, 28 U.S.C.§ 1332. There appears to be no issue as to diversity between the parties, but there is with regard to the requisite amount in controversy.

In his Complaint, the Plaintiff did not request any particular monetary relief. In the Notice of Removal, the Defendants contend that the requisite amount in controversy can be inferred from the general nature of the Plaintiff's claims, certain factual allegations in the Complaint, and the Plaintiff's election in the mandatory Colorado Civil Cover Sheet stating: "This party is seeking a monetary judgment for more than $100,000 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs[.]"

This Court previously addressed the significance of the election of a non-simplified procedure under the Colorado Rules of Civil Procedure made in the state court Civil Cover Sheet. In accordance with the analysis set forth in *Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208 (D. Colo. 2007), such election does not demonstrate the requisite amount in controversy to establish diversity jurisdiction.

Here, however, the Defendants do not rely only on the Civil Cover Sheet. They contend that the Court may infer the amount in controversy from the claims in the Complaint. The Defendants point to particular allegations which they argue establish that the amount in controversy is greater than $75,000. In sum, these allegations are that:

(1) The Plaintiff suffered musculoskeletal injuries in an automobile accident. These required surgery, including a cervical fusion. He also received medical, chiropractic, therapeutic and rehabilitative treatment, and incurred mileage expenses.

(2) The Plaintiff's insurance policy with the Defendants provided two types of coverage. One was "Medical Payments Coverage" with a limit of $100,000. The other was "Extraordinary Medical Payments Coverage" with a limit of $1,000,000. The Defendants paid "Medical Payments Coverage" benefits to the Plaintiff. However, the Plaintiff alleges that payment was untimely made and the Defendants engaged in conduct which was calculated to minimize the amount paid. As a result, the Plaintiff has not recovered all to which he is entitled under the insurance contract, and as a further result he has suffered mental anguish and severe emotional distress, injury to his credit reputation, and financial hardship which has aggravated his physical condition.

(3) The Plaintiff seeks to recover unpaid insurance benefits, other compensatory damages, damages for emotional distress, exemplary damages, and attorney fees.

No additional facts are presented in the Notice of Removal. The question presented is whether the allegations in the Complaint are sufficient to establish that there is more than $75,000 in controversy.

The Tenth Circuit addressed this issue in *McPhail v. Deere & Co.,* 529 F.3d 947 (10th

Cir. 2008).[1] The court in *McPhail* was asked to determine whether the defendant had demonstrated that the amount in controversy exceeded $75,000 for purposes of diversity jurisdiction. In addressing the issue, the court characterized the applicable law governing the determination of the amount in controversy as an "odd set of rules". The court recognized that although a plaintiff who commences an action in federal court need only make general or conclusory allegations that the amount in controversy exceeds $75,000, a defendant who seeks to remove a case from a state court must "prove jurisdictional facts by a preponderance of the evidence." *Id.* at 952-53. With regard to such "proof", the court noted that there is little "evidence" which can be presented at the time of removal. Indeed, in determining the amount in controversy, and in light of the presumption against removal, a court is limited to facts alleged in the complaint or presented with a notice of removal. *See Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995) (cited by *McPhail*, 529 F.3d at 954-55).

This Court understands the teaching of *McPhail* to be that the standard that a removing defendant must satisfy to establish the requisite amount in controversy is different from that initially imposed upon a plaintiff who commences the action in federal court. Both must establish subject matter jurisdiction, and if based upon diversity jurisdiction, the amount in controversy must exceed $75,000. This sum can be either the value of what the plaintiff seeks to recover or the value of what the defendant stands to lose. *See McPhail*, 529 F.3d at 954; *see*

---

[1] In *McPhail,* the defendant removed the case to federal court and the plaintiff moved to remand for lack of jurisdiction. The district court denied the motion, and the plaintiff appealed. After considering the facts and claims in the Complaint, as supplemented by factual assertions incorporated into the notice of removal, the Circuit affirmed the trial court holding that the defendant met its burden of demonstrating the requisite amount in controversy. *Id.* at 956-57. This presents a slightly different procedural context than the case at bar because there is no motion to remand, and an order to remand for lack of jurisdiction is not appealable. See 28 U.S.C. § 1447(d); *American Soda, LLP v. U.S. Filter Wastewater Group, Inc.,* 428 F.3d 921, 924 (10th Cir. 2005).

3

*also Lovell v. State Farm Mut. Auto. Ins. Co.,* 466 F.3d 893 (10th Cir. 2006) (discussing "either viewpoint rule" for calculation of the amount in controversy when declaratory or injunctive relief is sought). However, a plaintiff who initiates a federal action may rely, in the first instance, upon general or conclusory allegations in a complaint; only if jurisdiction is challenged is a more specific showing required. But to remove a case that was initiated in state court to federal court, a defendant must point to **facts** which, if true, would demonstrate that it is more likely than not that the amount in controversy is at least $75,000. In other words, the removing defendant must show that it is more likely than not that the plaintiff could bring, or could have brought, the action in federal court. Pertinent facts can be derived from specific allegations in a complaint, and can be combined with factual statements in the notice of removal which, in turn, can incorporate settlement demands, correspondence about the value of the claim, affidavits, or other information.[2] *See McPhail*, 529 F.3d at 954.

Here, the Defendants offer only the allegations in the Complaint and the Civil Cover Sheet. No additional facts are stated in the Notice of Removal. As noted in *Baker*, the Civil Cover Sheet, alone, is inadequate to establish of the amount in controversy. Even when combined with allegations in the Complaint, however, there is not a sufficient showing to establish the jurisdictional prerequisite. Taking the allegations in the Complaint as true, they are too general to demonstrate the amount in controversy. The Complaint does not describe or quantify the Plaintiff's losses, what he has already been paid by the Defendants under the Medical Payments Coverage, or what remains unpaid. The Complaint does not specify how

---

[2] Argument which suggests that the Court should infer or speculate as to the amount in controversy, however, does not substitute for a factual showing.

much delay occurred in the payment or what specific consequences followed.  Without a reasonable calculation of the Plaintiff's actual damages, there can be no assumption that exemplary damages could be awarded, much less that such award would hoist the amount in controversy to $75,000.  *See, e.g.,* § 13-21-102, C.R.S. (linking the recoverable amount of exemplary damages to actual damages).  To infer an amount in controversy from these factual allegations would be wholly speculative.  Accordingly, the action must be remanded to the State Court.  *See* 28 U.S.C. § 1447(c).

**IT IS THEREFORE ORDERED** that this action is **REMANDED** to the El Paso County District Court.

DATED this 18th day of November, 2008.

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge